IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) ELIZABETH STANLEY,<br><br>           Plaintiff,<br><br>v.<br><br>(1) METROPOLITAN LIFE INSURANCE COMPANY, and<br>(2) JOHN DOE INSURANCE COMPANY,<br><br>           Defendants. | Case No. 19-cv-463-CVE-JFJ<br>State Case No. CJ-2019-01438<br>District Court of Tulsa County |

## NOTICE OF REMOVAL

TAKE NOTICE that Defendant Metropolitan Life Insurance Company ("MetLife") removes this action from the District Court of Tulsa County to this Court pursuant to 28 U.S.C. § 1446(a). As grounds for removal, Defendant would show the Court as follows:

1. On April 8, 2019, Plaintiff filed a Petition in the District Court in and for Tulsa County, Oklahoma, captioned *Elizabeth Stanley v. MetLife, a/k/a Metropolitan Life Insurance Company and John Doe Insurance Company*, Case No. CJ-2019-1438.

2. As of August 22, 2019, neither the Oklahoma Insurance Department nor MetLife has been served with the Summons and Petition as required. True and correct copies of the docket sheet and the Petition filed in the state court action are attached hereto as Exhibits 1 and 2, respectively.

3. This action involves a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331, and which may be removed to this Court without regard to the citizenship of the parties under 28 U.S.C. § 1441, in that Plaintiff asserts in

{2000000;}

the Petition a claim for life insurance benefits under, and claims relating to the administration of benefits under, an employee welfare benefit plan (the "Plan") as defined in and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA"), established by Plaintiff's late husband's employer, American Airlines, as appears on the face of the Petition, Ex. 2 at ¶¶ 8, 9, 17, 18, and from the copy of the American Airlines, Inc. Retiree Benefits Plan Certificate of Insurance, attached hereto as Exhibit 3. *See* 29 U.S.C. § 1002(1). Because the Petition seeks relief that would fall within ERISA's civil enforcement provision, 29 U.S.C. § 1132(a), raising a federal question, this cause may be removed to this Court. *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58 (1987).

4. While this case is removable without regard to citizenship, this Court also has original jurisdiction based on diversity of citizenship of the parties. Plaintiff alleges that she is a citizen of Oklahoma. Ex. 2 at ¶ 1. MetLife is a citizen of New York.[1] *Id.* at ¶ 3 (alleging MetLife is a "foreign corporation"). The amount in controversy exceeds $75,000. *Id.* at ¶¶ 18, 21. Thus, the requirements imposed by 28 U.S.C. § 1332(a) regarding the amount in controversy and complete diversity of citizenship are satisfied, and the case may be removed to this Court without regard for the provisions of 28 U.S.C. § 1441(b)(2), which prohibits diversity-based removal if the rule of complete diversity is not met.

---

[1] In the Petition, Plaintiff has named "John Doe Insurance Company" as an "unknown" defendant, but specifically states that John Doe Insurance Company is named "[i]n the event that Metlife was not the company holding the policy." Ex. 2 at ¶¶ 4, 7. "[T]he citizenship of defendants sued under fictitious names shall be disregarded" for purposes of removal based on diversity. *See* 28 U.S.C. § 1441(b)(1). Moreover, MetLife concedes it issued the Policy at issue in this lawsuit. Accordingly, Plaintiff's naming of "John Doe Insurance Company" does not preclude removal.

{2000000;}

5.      This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

6.      Written notice of the filing of this Notice of Removal will be given promptly to counsel for Plaintiff, and a copy of the Notice of Removal will be filed with the Clerk of the District Court of Tulsa County, Oklahoma, as provided by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant removes this action to this Court and invoke this Court's jurisdiction.

Dated: August 22, 2019.

Respectfully submitted,

/s/ James Wesley S. Pebsworth
Renee DeMoss, OBA No. 10779
James Wesley S. Pebsworth, OBA No. 30900
GABLEGOTWALS
1100 ONEOK Plaza
100 West Fifth Street
Tulsa, Oklahoma 74103-4217
(918) 595-4800
(918) 595-4995 Fax
*rdemoss@gablelaw.com*
*wpebsworth@gablelaw.com*

**ATTORNEYS FOR DEFENDANT**

{2000000;}

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this 22nd day of August, 2019, I electronically transmitted the foregoing document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF Registrants.

Clinton C. Hastings
1634 S. Denver Ave.
Tulsa, OK 74055

                /s/ James Wesley S. Pebsworth

{2000000;}

# EXHIBIT 1

8/22/2019                                                                 OSCN Case Details


**OKLAHOMA** State Courts Network

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

ELIZABETH STANLEY,
    Plaintiff,
v.
METLIFE, A/K/A METROPOLITAN
LIFE INSURANCE COMPANY,
    Defendant, and
JOHN DOE INSURANCE COMPANY,
    Defendant.

No. CJ-2019-1438
(Civil relief more than $10,000: BREACH OF AGREEMENT - CONTRACT)

Filed: 04/08/2019

Judge: Wall, Caroline

## PARTIES

METLIFE, Defendant
STANLEY, ELIZABETH, Plaintiff

## ATTORNEYS

| Attorney | Represented Parties |
|---|---|
| HASTINGS, CLINTON C. (Bar #18567)<br>PO BOX 2450<br>TULSA, OK 74101 | STANLEY, ELIZABETH |

## EVENTS

None

## ISSUES

For cases filed before 1/1/2000, ancillary issues may not appear except in the docket.

Issue # 1.   Issue: BREACH OF AGREEMENT - CONTRACT (CONTRACT)
            Filed By: STANLEY, ELIZABETH
            Filed Date: 04/08/2019

            Party Name                      Disposition Information
            Defendant: METLIFE

## DOCKET

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 04-08-2019 | TEXT | CIVIL RELIEF MORE THAN $10,000 INITIAL FILING. | 1 | | |
| 04-08-2019 | CONTRACT | BREACH OF AGREEMENT - CONTRACT | | | |
| 04-08-2019 | DMFE | DISPUTE MEDIATION FEE | | | $ 7.00 |
| 04-08-2019 | PFE1 | PETITION<br>Document Available (#1043395743) 🗎 TIFF  📄 PDF | | | $ 163.00 |
| 04-08-2019 | PFE7 | LAW LIBRARY FEE | | | $ 6.00 |
| 04-08-2019 | OCISR | OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND | | | $ 25.00 |
| 04-08-2019 | OCJC | OKLAHOMA COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND | | | $ 1.55 |
| 04-08-2019 | OCASA | OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES | | | $ 5.00 |
| 04-08-2019 | SSFCHSCPC | SHERIFF'S SERVICE FEE FOR COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 10.00 |
| 04-08-2019 | CCADMINCSF | COURT CLERK ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.00 |
| 04-08-2019 | CCADMIN0155 | COURT CLERK ADMINISTRATIVE FEE ON $1.55 COLLECTION | | | $ 0.16 |
| 04-08-2019 | SJFIS | STATE JUDICIAL REVOLVING FUND - INTERPRETER AND TRANSLATOR SERVICES | | | $ 0.45 |
| 04-08-2019 | DCADMIN155 | DISTRICT COURT ADMINISTRATIVE FEE ON $1.55 COLLECTIONS | | | $ 0.23 |
| 04-08-2019 | DCADMIN05 | DISTRICT COURT ADMINISTRATIVE FEE ON $5 COLLECTIONS | | | $ 0.75 |
| 04-08-2019 | DCADMINCSF | DISTRICT COURT ADMINISTRATIVE FEE ON COURTHOUSE SECURITY PER BOARD OF COUNTY COMMISSIONER | | | $ 1.50 |
| 04-08-2019 | CCADMIN04 | COURT CLERK ADMINISTRATIVE FEE ON COLLECTIONS | | | $ 0.50 |
| 04-08-2019 | LTF | LENGTHY TRIAL FUND | | | $ 10.00 |
| 04-08-2019 | TEXT | OCIS HAS AUTOMATICALLY ASSIGNED JUDGE WALL, CAROLINE TO THIS CASE. | | | |

| Date | Code | Description | Count | Party | Amount |
|---|---|---|---|---|---|
| 04-09-2019 | ACCOUNT | RECEIPT # 2019-3921449 ON 04/09/2019. <br> PAYOR: CLINTON C HASTINGS TOTAL AMOUNT PAID: $ 232.14. <br> LINE ITEMS: <br> CJ-2019-1438: $163.00 ON AC01 CLERK FEES. <br> CJ-2019-1438: $6.00 ON AC23 LAW LIBRARY FEE CIVIL AND CRIMINAL. <br> CJ-2019-1438: $1.66 ON AC31 COURT CLERK REVOLVING FUND. <br> CJ-2019-1438: $5.00 ON AC58 OKLAHOMA COURT APPOINTED SPECIAL ADVOCATES. <br> CJ-2019-1438: $1.55 ON AC59 COUNCIL ON JUDICIAL COMPLAINTS REVOLVING FUND. <br> CJ-2019-1438: $7.00 ON AC64 DISPUTE MEDIATION FEES CIVIL ONLY. <br> CJ-2019-1438: $0.45 ON AC65 STATE JUDICIAL REVOLVING FUND, INTERPRETER SVCS. <br> CJ-2019-1438: $2.48 ON AC67 DISTRICT COURT REVOLVING FUND. <br> CJ-2019-1438: $25.00 ON AC79 OCIS REVOLVING FUND. <br> CJ-2019-1438: $10.00 ON AC81 LENGTHY TRIAL FUND. <br> CJ-2019-1438: $10.00 ON AC88 SHERIFF'S SERVICE FEE FOR COURT HOUSE SECURITY. | | | |

# EXHIBIT 2



IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

| | | |
|---|---|---|
| ELIZABETH STANLEY, | ) | **CJ-2019-01438** |
| Plaintiff, | ) | |
| | ) | CJ-2019- |
| | ) | Caroline Wall |
| Vs. | ) | ATTORNEY'S LIEN CLAIMED |
| | ) | |
| METLIFE aka METROPOLITAN | ) | |
| LIFE INSURANCE COMPANY, | ) | |
| JOHN DOE INSURANCE | ) | DISTRICT COURT |
| COMPANY | ) | F I L E D |
| Defendant. | ) | APR 08 2019 |
| | | DON NEWBERRY, Court Clerk |
| | | STATE OF OKLA. TULSA COUNTY |

### PETITION

Plaintiff, Elizabeth Stanley, brings this action by and through her attorney, Clinton C. Hastings. For her cause of action against Defendant, Plaintiff alleges as follows:

**Jurisdiction and Venue**

1. Plaintiff Elizabeth Stanley is a resident of Tulsa County, Oklahoma.

2. Plaintiff's deceased husband, Herschel Stanley, was a resident of Tulsa County, Oklahoma, at all relevant times herein.

3. Defendant Metlife Insurance is a foreign corporation doing business in Tulsa County, Oklahoma, at all relevant times herein.

4. Defendant John Doe Insurance Company is a foreign corporation doing business in Tulsa County, Oklahoma, at all relevant times herein. "John Doe" is used herein to designate name unknown and not the actual proper name of Defendant.

5. Upon information and belief, the events described herein occurred in Tulsa County, Oklahoma.

## Factual Background

6. Plaintiff's deceased husband, Herschel Stanley, maintained a life insurance policy through Defendant Metlife Insurance at all relevant times herein, of which Plaintiff was the beneficiary.

7. In the event that Metlife was not the company holding the policy, Plaintiff has named John Doe Insurance company as a Defendant in the alternative.

8. Herschel Stanley was a long-time employee of American Airlines.

9. Herschel Stanley maintained a contract with Defendant for payment of a life insurance benefit to his named beneficiary, Plaintiff, in exchange for premium payments.

10. Herschel Stanley was diagnosed with cancer in approximately January of 2011.

11. Mr. Stanley took an unpaid leave of absence for one year thereafter, entered hospice care, and retired from American Airlines approximately March of 2012.

12. Upon his retirement, Plaintiff communicated with the Defendant about keeping her husband's life insurance active post-retirement.

13. Defendant informed Plaintiff that due to her husband's terminal diagnosis and/or his being under hospice care, the policy premiums would no longer need to be paid and the policy would remain active.

14. Defendant also informed Plaintiff she was eligible to receive one-half of the life insurance benefit at that time, $80,000.00.

15. Plaintiff soon thereafter received the $80,000.00 along with a letter stating she would receive the other half, $80,000.00, upon her husband's death.

16. Mr. Stanley died on or about April 6, 2014.

17. Upon seeking the balance of the life insurance, Plaintiff was told by Defendant that she would not receive any further monies because she had not continued to pay the premiums after her husband's retirement.

## Count I- Breach of Contract

18. Based on the facts set forth in paragraphs 6-17 above, Defendant is liable to Plaintiff for Breach of Contract. Plaintiff and/or her husband and Defendant had a valid contract of life insurance. Plaintiff was the sole beneficiary thereof. Plaintiff and/or her husband duly performed under the contract by paying premiums per the terms of the contract. Defendant failed to perform under the contract by not paying the full balance of benefit upon death. Plaintiff was damaged by not receiving the balance of the benefit of $80,000.00 plus interest and attorney's fees for its recovery.

## Count II- Promissory Estoppel

19. Based in the facts set forth in paragraphs 6-17 above, Plaintiff has a cause of action based on Promissory Estoppel, which requires (1) a clear and unambiguous promise, (2) foreseeability by the promisor that the promisee would rely upon it, (3) reasonable reliance upon the promise to the promisee's detriment and (4) hardship or unfairness can be avoided only by the promise's enforcement. Defendant promised the remainder of the balance on the life insurance policy to

Plaintiff and/or her husband without further premium payments. It was foreseeable that Plaintiff and/or her husband would rely on this promise and cease making premium payments. Plaintiff and/or her husband did reasonably rely on said promise and stopped making premium payments. Hardship and unfairness to Plaintiff can only be avoided by forcing Defendant to pay the balance to Plaintiff, along with interest and attorneys fees.

### Attorneys Fees

20. Plaintiff asks for an award for attorneys fees under applicable state and federal statutes for each of the above claims.

### Attorney's Lien

21. All Defendants are hereby put on notice that an attorney's lien is claimed on this action by Plaintiff's counsel, Clinton C. Hastings.

**WHEREFORE**, based on the allegations, Plaintiff Elizabeth Stanley requests this Court award her $80,000.00 or the amount otherwise discovered to be owed to Plaintiff, pre and post judgment interest, her attorneys fees associated with this action, and any other relief deemed just and equitable.

Respectfully submitted:

_/s/ Clinton Hastings_
Clinton Hastings, OBA No. 18567
1634 S Denver Ave
Tulsa, OK  74055
Telephone: (918) 582-7336
Facsimile: (918) 532-6244
*Attorney for Plaintiff*

**JURY TRIAL DEMANDED**
**ATTORNEYS LIEN CLAIMED**

# EXHIBIT 3

# YOUR BENEFIT PLAN

# AMERICAN AIRLINES, INC.

# RETIREES

**Basic Life Insurance**

**Certificate Date:  November 1, 2012**

Exhibit Number 36

American Airlines, Inc.
4333 Amon Carter Blvd.
Ft. Worth, Texas 76155

TO OUR RETIREES:

All of us appreciate the protection and security insurance provides.

This certificate describes the benefits that are available to you. We urge you to read it carefully.

American Airlines, Inc.

# MetLife

Metropolitan Life Insurance Company
200 Park Avenue, New York, New York  10166

## CERTIFICATE OF INSURANCE

Metropolitan Life Insurance Company ("MetLife"), a stock company, certifies that You are insured for the benefits described in this certificate, subject to the provisions of this certificate.  This certificate is issued to You under the Group Policy and it includes the terms and provisions of the Group Policy that describe Your insurance.  **PLEASE READ THIS CERTIFICATE CAREFULLY.**

This certificate is part of the Group Policy. The Group Policy is a contract between MetLife and the Policyholder and may be changed or ended without Your consent or notice to You.

| | |
|---|---|
| **Policyholder:** | American Airlines, Inc. |
| **Group Policy Number:** | 29900-G |
| **Type of Insurance:** | Term Life Insurance |
| **MetLife Toll Free Number(s):** **For Claim Information** | FOR LIFE CLAIMS: 1-800-638-6420 |

**THIS CERTIFICATE ONLY DESCRIBES TERM LIFE INSURANCE.**

**THE BENEFITS OF THE POLICY PROVIDING YOUR COVERAGE ARE GOVERNED PRIMARILY BY THE LAWS OF A STATE OTHER THAN FLORIDA.**

**THE GROUP INSURANCE POLICY PROVIDING COVERAGE UNDER THIS CERTIFICATE WAS ISSUED IN A JURISDICTION OTHER THAN MARYLAND AND MAY NOT PROVIDE ALL THE BENEFITS REQUIRED BY MARYLAND LAW.**

**WE ARE REQUIRED BY STATE LAW TO INCLUDE THE NOTICE(S) WHICH APPEAR ON THIS PAGE AND IN THE NOTICE(S) SECTION WHICH FOLLOWS THIS PAGE.  PLEASE READ THE(SE) NOTICE(S) CAREFULLY.**